IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.                                  NO. 29,100

KENNETH SHELBY,

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Stephanie Erin Brunson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

    Kenneth Shelby (Defendant) appeals from a judgment and sentence entered September 18, 2008 following a jury trial where he was convicted of one count of kidnapping and three counts of criminal sexual penetration while armed with a deadly weapon. [RP 230-33] Defendant argues insufficient evidence was presented to

support his convictions and the three counts of criminal sexual penetration violate the double jeopardy clause because they arose out of one continuous act of intercourse. [MIO 7, 11] We proposed to affirm his convictions in a notice of proposed summary disposition, and pursuant to an extension, Defendant has filed a timely memorandum in opposition. Having duly considered Defendant's arguments on appeal and remaining unpersuaded, we affirm.

**DISCUSSION**

**A.     Sufficiency of the Evidence**

A sufficiency of the evidence review involves a two-step process. The evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citations omitted). Defendant argues the necessary element of force was not proven beyond a reasonable doubt as required to support a kidnapping conviction. [MIO 8] Defendant also argues there was insufficient evidence to show he was armed with and used a knife to precipitate criminal sexual penetration against the victim. [MIO 10]

Defendant claims that because he testified that the encounter was consensual,

he never displayed a knife, and he never threatened victim, the evidence did not support a finding beyond a reasonable doubt that he restrained her by force or intimidation, or that he was armed with and used a knife. [MIO 8] Victim testified when Defendant turned the car down a road where she did not wish to go, she became frightened and yelled out the window. [RP 125-126] She stated when she "started making a fuss," she remembered him holding something in his hand that looked like a pocketknife. [RP 126] Victim testified she then told Defendant she had a son and asked him not to hurt her; and Defendant told her if she said anything he would be looking for her and her family. [RP 126]

Victim testified Defendant threatened her and he had a knife, a knife was found in Defendant's car, and Defendant admitted he had a knife during the encounter. [RP 126, 147, 175] Based upon the evidence presented, a reasonable jury could have found Defendant had and used a knife while threatening or intimidating Defendant. "The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789. Merely because Defendant's testimony conflicted with victim's does not mean the conviction should be reversed. "Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts." *State v.*

*Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**B.      Double Jeopardy**

Defendant argues on appeal that three convictions for criminal sexual penetration violate his right to be free from double jeopardy because the charges stemmed from one continuous incident.  [MIO 11]  In multiple punishment cases, where Defendant alleges that he has been wrongly charged with multiple violations of the same statute, the relevant inquiry is whether the Legislature intended to create a separate offense for each act which occurred during a continuous course of action. *Swafford v. State*, 112 N.M. 3, 14, 810 P.2d 1223, 1234 (1991).  In sexual assault cases, the New Mexico Supreme Court has held that NMSA 1978, Section 30-9-11 (2007), is ambiguous as to whether the Legislature intended to create a separate offense for each penetration which occurred during a continuous sexual assault. *Herron v. State*, 111 N.M. 357, 359, 805 P.2d 624, 626 (1991).

Defendant correctly argues in his memorandum in opposition that in criminal sexual penetration cases we look to six factors to evaluate whether multiple crimes occurred: (1) temporal proximity of penetrations (the greater the interval between acts the greater the likelihood of separate offenses); (2) location of the victim during each penetration (movement or repositioning of the victim between penetrations tends to show separate offenses); (3) existence of an intervening event; (4) sequencing of

penetrations (serial penetrations of different orifices, as opposed to repeated penetrations of the same orifice, tend to establish separate offenses); (5) defendant's intent as evidenced by his conduct and utterances; and (6) number of victims. *Id.* at 361, 805 P.2d at 628.

As discussed in the proposed calendar notice, analysis of the *Herron* factors in this case supports punishment for multiple crimes. The encounter lasted at least a few hours, because both Defendant and victim testified that he picked her up around 1:00 or 1:30 a.m. and she left as the sun was rising. [RP 127, 177] *See State v. Haskins*, 2008-NMCA-086, ¶¶ 18-21, 144 N.M. 289, 186 P.3d 916 (holding that three separate instances of criminal sexual conduct occurred during an hour-long encounter). Defendant argues that the acts took place in one location—the front seat of his car. [MIO 13] However, victim testified to some movement or re-positioning, that Defendant "turned her around," from her front to her back and that she moved or was moved from the passenger seat to the driver's seat. [RP 127] In *Haskins*, this Court held that a victim's being re-positioned during a massage from lying on her back to her front supported a finding of multiple crimes. *Id.* at ¶ 18.

Both victim and Defendant testified to intervening events between the acts such as removal of victim's clothing, victim throwing up, the cleaning up of victim's vomit, and both people having gotten out of and back into the car. [RP 127, 176-77]

Although the testimony is not clear as to the exact sequence of events, both testified that victim was sick while performing oral sex and that vaginal sex occurred after victim vomited. [RP 126, 176-77] The non-sexual acts such as the vomiting, removal of clothing, and getting out of and back into the car are intervening events, making this case distinguishable from situations where acts have been found to be one continuous assault. *See State v. Laguna*, 1999-NMCA-152, ¶ 39, 128 N.M. 345, 992 P.2d 896 (holding that two convictions for criminal sexual conduct violated double jeopardy where defendant tried several times to rub victim's leg and grab victim's crotch over a short period of time and the only intervening event was victim pushing defendant's hand away); *see also State v. Ervin*, 2008-NMCA-016, ¶ 45, 143 N.M. 493, 177 P.3d 1067 ("[t]he touching of [Child's] body during one massage, over a short period of time, with no intervening event, with no movement to a different place or area, and no repositioning of [Child], with one intent to massage her body, is simply one continuous touching of [Child's] private parts.").

Both victim and Defendant testified to serial penetrations of different orifices over the course of the encounter. [RP 126, 176-77] This factor is indicative of multiple offenses. *Herron*, 111 N.M. at 361, 805 P.2d at 628. In fact, "because this factor specifically contemplates sex crimes, it contributes heavily to a finding of separate offenses." *Haskins*, 2008-NMCA-086 at ¶ 19. The final two *Herron* factors,

Defendant's intent and number of victims, weigh in favor of a finding of one continuous act. However, the other four factors, especially serial penetration of different orifices, the length of the encounter, and repositioning of the victim, support a finding of three distinct acts of criminal sexual penetration.

For the foregoing reasons, and those discussed in the proposed notice of summary disposition, we affirm Defendant's convictions and sentence.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____

**CELIA FOY CASTILLO, Judge**

_____

**LINDA M. VANZI, Judge**